UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ATLANTIC HOLDINGS LIMITED, | : | |
| Plaintiff, | : | |
|  | : | |
| v. | : | No. 5:16-cv-06247 |
|  | : | |
| APOLLO METALS, LTD. *f/k/a* AM ACQUISITION CORP., AND APOLLO METALS, INC., | : | |
| Defendants. | : | |

**O P I N I O N**
Plaintiff's Motion for Leave to Amend Complaint, ECF No. 59—Denied as moot
Plaintiff's Amended Motion for Leave to Amend Complaint, ECF No. 60—Denied
Plaintiff's Motion to Amend Scheduling Order, ECF No. 61—Denied

**Joseph F. Leeson, Jr.**                                                                                                                      **November 7, 2018**
**United States District Judge**

**I.    INTRODUCTION**

This is a groundwater contamination dispute between owners of neighboring industrial properties in Bethlehem, Pennsylvania. Plaintiff Atlantic Holdings Limited alleges that Defendants Apollo Metals Ltd., formerly known as AM Acquisition Corp., and Apollo Metals, Inc. (together, "Apollo"), allowed various pollutants to enter Atlantic's property by way of groundwater migration, and that the pollution had damaged Atlantic by, among other things, reducing the value of its property. On October 1, 2018, Atlantic filed an Amended Motion for Leave to Amend Complaint with a proposed Amended Complaint. ECF No. 60. The proposed Amended Complaint adds additional defendants that Atlantic alleges are responsible for the contamination at issue and a cause of action for fraud against all current and additional defendants. Additionally, on October 3, 2018, Atlantic filed a Motion to Amend Scheduling Order requesting an extension of the deadline for production of expert reports because of its

consultant's newly identified methodology to accurately determine the impacts of the contamination on the market value of Atlantic's property, and an extension of the trial date so that Atlantic, Apollo, and any potential additional defendants can adequately prepare evidence for presentation at trial concerning the revised allegations of the Amended Complaint. ECF No. 61. For the reasons discussed below, the Court finds that Atlantic has failed to satisfy the standard of Rule 15 of the Federal Rules of Civil Procedure. Therefore, the two motions for leave to amend[1] are denied.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Atlantic commenced this litigation against Apollo in the Court of Common Pleas of Lehigh County on October 1, 2014. The case remained pending in state court until June 19, 2016, when Atlantic voluntarily discontinued the case. Atlantic subsequently filed its complaint in this Court on November 30, 2016. ECF No. 1. Atlantic's complaint alleges that Apollo's industrial steel plant released various pollutants that entered Atlantic's neighboring property by way of groundwater migration and that the pollutants harmed Atlantic by, among other things, reducing the value of its property. After Atlantic filed its complaint, the parties engaged in settlement discussions. These discussions were unsuccessful, and Apollo filed its answer and counterclaims. ECF No. 13.

After Apollo filed its answer and counterclaims, the Court split discovery into two phases—the first relating to a statute of limitations defense and the second to deal with liability

---

[1]    The Court discerns no substantive difference between Atlantic's two motions for leave to amend. As far as the Court can tell, the only difference between the two motions is the inclusion of an Amended Complaint in Atlantic's second filing. As such, the Court will consider the Amended Motion for Leave to Amend Complaint to have replaced the original Motion for Leave to Amend Complaint.

and damages discovery. At the end of the first phase of discovery Apollo moved for partial summary judgment; the Court denied that motion on December 11, 2017. The Court's denial marked the beginning of the second phase of discovery.

Eight months after the denial of summary judgment and the beginning of the second phase of discovery, Chief Judge Juan R. Sánchez reassigned the case to the Undersigned and the Court issued an Initial Procedural Order. On the same day the Court's Initial Procedural Order was issued, the Court ordered parties to file a joint report updating the Court as to the status of the case. The Court received the status report and then issued a scheduling order on August 29, 2018. The Court's scheduling order created a deadline for the completion of all fact discovery by October 31, 2018. The order further created a deadline for any motion to amend the pleadings or motion to join parties no later than 30 calendar days before the close of fact discovery—October 1, 2018.

On September 28, 2018, before conferring with Apollo as required by this Courts Initial Procedural Order, Atlantic filed a Motion for Leave to Amend Complaint. ECF No. 59. The following day, Atlantic filed an Amended Motion for Leave to Amend Complaint. ECF No. 60. Following that, Atlantic filed a Motion to Amend Scheduling Order. ECF No. 61.

### III.    LEGAL STANDARDS

Federal Rules of Civil Procedure 15 and 16 govern certain motions to amend. *Tri-Realty Co. v. Ursinus Coll.*, No. 11-5885, 2015 U.S. Dist. LEXIS 164767, at *3-4 (E.D. Pa. Dec. 9, 2015) (citing *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007)). Rule 15 applies to a motion for leave to amend where the motion is timely under the deadlines set by the Rule 16 scheduling

order. If the motion is not timely, it is evaluated first under Rule 16. *See Velez v. Reading Health Sys.*, No. 5:15-cv-1543, 2016 U.S. Dist. LEXIS 194745, at *2-3 (E.D. Pa. Feb. 25, 2016).

Under Rule 15(a), where a responsive pleading has been served, a party may amend a pleading with the opposing party's written consent or by leave of the court. Fed. R. Civ. 15(a)(2). Leave of court, Rule 15(a)(2) declares, should be freely given, "when justice so requires." *Id*.

Rule 15(a)'s liberal standard for amendment is not without bounds. Interpreting Rule 15(a), the Supreme Court explained that the decision to grant or deny a motion to amend is within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In *Foman*, the Supreme Court held that leave to amend should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Id*. Only when those factors suggest an amendment would be "unjust," should a court deny leave. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (citing *Foman*, 371 U.S. at 182).

As well as considering the factors recognized in *Foman*, when a court considers a motion to amend it must apply Rule 15 "in a manner aimed at securing the just, speedy and inexpensive determination of every action." *CMR D.N. Corp. v. City of Phila.*, No. 07-cv-1045, 2011 U.S. Dist. LEXIS 25387, at *12 (E.D. Pa. Mar. 10, 2011). With this focus on securing the just, speedy, and inexpensive determination of an action, a court is within its discretion to deny amendment of a pleading "to prevent the abusive use of amendment to delay or prolong litigation." *See Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 939 (3d Cir. 1984).

## IV. ANALYSIS

Rule 16(b)'s "good cause" standard is stricter than Rule 15's "when justice so requires" standard. *Chancellor*, 501 F. Supp. 2d at 70. The Third Circuit Court of Appeals has not explicitly addressed this tension in the Rules, but seven circuit courts have and "each of these courts has come to the same conclusion: once the pretrial scheduling order's deadline for filing motions to amend the pleadings has passed, a party must, under Rule 16(b), demonstrate 'good cause' for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading." *Chancellor*, 501 F. Supp. 2d at 701 (opining that the Third Circuit Court of Appeals "would likely come to the same conclusion"). *See also, Velez*, 2016 U.S. Dist. LEXIS 194745, at *2-3.

Although Atlantic filed its amended motion to amend the complaint without first holding the mandatory conference at least five days before the motion was filed, Atlantic still filed the motion before the Court's deadline set forth in the scheduling order.[2] Therefore, the Court considers only whether Atlantic's amended motion to amend the complaint satisfies Rule 15(a)'s liberal "when justice so requires" standard.

As explained above, leave to amend may be denied in the face of undue delay, bad faith or dilatory motive, undue prejudice to the defendant, repeated failure to cure deficiencies by amendments previously allowed, or futility of amendment. *See Arthur*, 434 F.3d at 203. Atlantic's amended motion to amend the complaint fails under Rule 15(a)'s liberal pleading

---

[2] Apollo argues that the Court should include the required five-day mandatory conference window in its calculation of the deadlines. Br. Opp'n. Am. Mot. Amend Compl. 11-12, ECF No. 65. Although the Court considers this five-day conference requirement important and has considered Atlantic's failure to follow the Initial Procedural Order in its analysis of undue delay under Rule 15, the requirement to confer does not change the Court's deadlines in the scheduling order, and Atlantic's motion was timely.

standard because, for the reasons discussed below, the Court finds that Atlantic's amended motion to amend the complaint is unduly delayed and that Apollo would be severely prejudiced by amendment.[3] Therefore, the Court cannot conclude that allowing Atlantic to amend its complaint at this late date would be in the interest of justice.

1. **Undue Delay**

Delay alone is an insufficient ground to deny a request to amend. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). Undue delay, however, is a sufficient basis for leave to amend. *AMS Constr. Co. v. Reliance Ins. Co.*, No. 04-CV-02097, 2006 U.S. Dist. LEXIS 46905, at *9 (E.D. Pa. July 12, 2006) (citing *Foman*, 371 U.S. at 182). "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citing *Cureton*, 252 F.3d at 273). "[T]he question of undue delay requires that [a court] focus on the movant's reasons for not amending sooner." *Cureton*, 252 F.3d at 273. In *Bjorgung*, the Third Circuit Court of Appeals weighed the movant's reasons for not amending sooner with the burden of delay on the district court. 550 F.3d at 266. Where a movant offers no cogent reason for not amending sooner, following the principal in *Cureton*, the Third Circuit Court of Appeals has affirmed denials of leave to amend. *See*, *e.g.*, *CMR D.N. Corp. & Marina Towers Ltd. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013) (no good reason proffered for a three-year delay); *Oliva*, 604 F.3d at 803 (no justification for a five-

---

[3] Apollo also argues that Atlantic's motion should be denied because the proposed amendments are futile. Br. Opp'n. Am. Mot. Amend Compl. 15, ECF No. 65. This Court does not address futility because it concludes that amendment is improper based on undue delay and prejudice to Apollo.

year delay); *Bjorgung*, 550 F.3d at 267 (no explanation for three-year delay); *Cureton*, 252 F.3d at 273-74 (no reasons given for two-and-a-half year delay). *See also Boileau*, 730 F.2d at 939 (explaining that a court is within its discretion to deny amendment of a pleading "to prevent the abusive use of amendment to delay or prolong litigation").

Here, Atlantic's explanations for not amending sooner and waiting until the last day of the window to amend are thin. As a threshold matter, Atlantic's admission in its status report to the Court that its principal had "turned his immediate focus away from the matter" strikes the Court as an admission of undue delay that only reinforces the impression that the parties have not been diligent in litigating this case. Atlantic's failure to follow the Court's Initial Procedural Order and mandatory conference at least five days before filing the motion further evidences undue delay as Atlantic should have been able to comply with the Initial Procedural Order had it not delayed until the eleventh hour in filing its amended motion to amend the complaint.

Further, Atlantic fails to explain why it delayed and only relies on vague assertions regarding its delay. For example, with respect to Atlantic's addition of Tata Steel as a defendant to the Amended Complaint, Atlantic offers no cogent reason as to why it delayed in amending the complaint. In its Reply, Atlantic argues that it only "recently" became aware of a sign indicating that Tata Steel is doing business at Apollo's property and provides no compelling justification for why it delayed in reviewing documents that allegedly support adding Tata Steel as a defendant which were provided in connection with Atlantic's investigation of the contamination of its property. However, its Reply shows that Atlantic waited, at least, more than eight months to amend its complaint with respect to the additional defendants even though Atlantic had or knew of evidence to support its allegations that Apollo is operating as Tata Steel. *See* Reply Am. Mot. Amend Compl. 6-7, ECF No. 67, Ex. 3, ECF No. 67-1. Similarly, in its

Amended Complaint, Atlantic describes how it investigated and analyzed the groundwater on its property. The data gathered by Atlantic and used as a basis for its Amended Complaint was provided to Apollo in January 2018. For at least eight months, from January to October, Atlantic had the information and data to support its proposed fraud claim before attempting to amend its complaint. *See* Am. Compl. ¶¶ 37-47, ECF No. 60-1. Again, Atlantic offers no cogent reason as to why it delayed in amending the complaint, but instead makes only passing reference to why it delayed. *See* Reply Am. Mot. Amend Compl. 5-6, ECF No. 67.[4]

Moreover, Atlantic cannot seriously contend that an amendment at this late stage of litigation would not place an unwarranted burden on the Court. Atlantic states in its amended motion to amend the complaint that amending the Complaint would not "unduly delay trial," Am. Mot. Amend Compl. ¶ 15, ECF No. 60, but then, two days later, Atlantic moved to amend the scheduling order because the current trial date "does not allow sufficient time for either Atlantic or any of the Defendants to adequately prepare evidence for presentation at trial concerning the revised allegations." Mot. Amend Sched. Order ¶ 8, ECF No. 61.

When Atlantic's vague assertions regarding its delay and lack of any cogent reason why it waited until the eleventh hour to amend are weighed with the unwarranted burden on the Court, undue delay is evident.

---

[4] In its Reply Atlantic states, "[it] only later discovered information that suggested Apollo's submission may have been incorrect." Atlantic further writes, "[i]t was only through consultations with experts evaluating all of the information, in preparation for applying for Act 2 protection and for purposes of establishing Apollo's liability for the contamination, that Atlantic came to believe Apollo's submission was fraudulent." Additionally, "[o]nce Atlantic received a definitive statement from yet another expert opining that the submission, and the process undertaken by Apollo in investigating the contamination, was so deficient as to raise the question of fraud, Atlantic decided to amend its complaint."

2. **Undue Prejudice**

This Court also finds that amendment would unduly prejudice Apollo. Apollo argues that it would be prejudiced if the motion to amend is granted because the motion "drastically expand[s] this case by adding three more defendants and a fraud claim based on new factual averments . . . ." Br. Opp'n. Am. Mot. Amend Compl. 13, ECF No. 65. Apollo further specifies that an amendment would require an additional period of discovery. *Id*. at 14.

The issue of prejudice requires that a court focus on the hardship to defendants if amendment were permitted. *Young v. St. Luke's Hosp.*, No. 09-cv-03460, 2010 U.S. Dist. LEXIS 30911, at *7 (E.D. Pa. Mar. 30, 2010) (citing *Cureton*, 252 F.3d at 273); *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). "Prejudice means 'undue difficulty in [defending] a lawsuit as a result of a change in tactics or theories on the part of the other party.'" *In re Merck Mumps Vaccine Antitrust Litig.*, No. 12-cv-3555, 2018 U.S. Dist. LEXIS 58845, at *12 (E.D. Pa. Apr. 6, 2018) (citing *MRO Corporation v. Humana, Inc.*, No. 16-cv-2881, 2017 U.S. Dist. LEXIS 135506, 2017 WL 3675387, at *3 (E.D. Pa. Aug. 23, 2017)). To determine whether prejudice exists, the Third Circuit Court of Appeals explained that a court should consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273. The need for additional discovery alone does not establish prejudice where amendment does not hinder the defendant's ability to present its case, *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990), but changing the legal and factual basis of a claim can. *Luciani v. City of Phila.*, 643 F. App'x 109, 111-12 (3d Cir. 2016) (citing *Cureton*, 252 F.3d at 273); *see also CMR D.N. Corp.*, 703 F.3d at 630 (holding that the district court correctly determined the non-movant would be prejudiced because the proposed amendment would bring a new theory into the case several years after the beginning of

the litigation). Courts in this district have held that forcing a party to engage in additional discovery due to a motion to amend that adds additional claims different from those already in the complaint is sufficient hardship to constitute undue prejudice. *See, e.g.*, *AMS Constr. Co.*, 2006 U.S. Dist. LEXIS 46905, at *9 (denying motion to amend where new claims would force the defendant to engage in additional discovery with respect to the new claim after discovery the discovery had ended); *Kuhn v. Phila. Elec. Co.*, 85 F.R.D. 86, 88 (E.D. Pa. 1979) (denying leave to amend when discovery had already been completed and amendment would require additional discovery).

Granting Atlantic's amended motion to amend the complaint would necessitate more than just additional discovery. One need look no further than Atlantic's own counsel's request for an amendment to the scheduling order to see the obvious prejudice that would result from allowing amendment because "the current trial date of December 26, 2018 does not allow sufficient time for either Atlantic or any of the Defendants to adequately prepare evidence for presentation at trial concerning the revised allegations of the Amended Complaint." Mot. Amend Sched. Order ¶ 8, ECF No. 61. *See also MRO Corporation*, 2017 U.S. Dist. LEXIS 135506, 2017 WL 3675387, at *4 (finding that prejudice is established where proposed amendments would force a defendant to expend additional resources and prolong dispute).

In its briefing, Atlantic suggests that the amendment would not cause undue delay and that the additional discovery needed would not exceed the allotted timeframe of the requested additional two months of discovery. This argument is flawed because it assumes that the Court will approve the additional two months of discovery. The additional two months of discovery and the costs associated is the exact type of prejudice that courts find warrant denying leave to amend. *See MRO Corporation*, 2017 U.S. Dist. LEXIS 135506, 2017 WL 3675387, at

10
110718

*4 (finding that prejudice is established where proposed amendments would force a defendant to expend additional resources and prolong dispute); *AMS Constr. Co.*, 2006 U.S. Dist. LEXIS 46905, at *10 (denying motion to amend where new claims would force the defendant to engage in additional discovery with respect to the new claim after discovery the discovery had ended); *Kuhn*, 85 F.R.D. at 88 (denying leave to amend when discovery had already been completed and amendment would require additional discovery). Similarly, Apollo would be prejudiced because the proposed amendment would bring this new fraud theory into the case nearly four years after the matter was initially filed in state court. *See CMR D.N. Corp.*, 703 F.3d at 630 ("[T]he District Court correctly determined that the City would be prejudiced because the proposed amendment would bring a new theory into the case several years after the beginning of the litigation.").

Most importantly, amendment here would expand the litigation to the degree that it would hinder Apollo's ability to present its case. Unlike in *Dole* where the proposed amended complaint was based upon facts and circumstances that did not differ significantly from those underlying the original allegations, the Amended Complaint here asserts a distinct new fraud claim as well as adding new defendants almost two years after the case was first filed. *See Dole*, 921 F.2d at 488. Granting this motion would result in the re-opening of discovery and substantial delay to accommodate the proposed new defendants and claims of fraud. Not to mention, the fraud claim alone would drastically change the existing legal and factual matters in dispute. *See Cornell & Co. v. OSHRC*, 573 F.2d 820, 824 (3d Cir. 1978) (amendment of complaint to allege a different violation from the violation alleged in original complaint changed legal and factual matters in dispute, resulting in undue prejudice to non-moving party). Atlantic's new fraud claim introduces an entirely new set of facts into the case and would require further investigation into Atlantic's reliance on the allegedly fraudulent report to the Pennsylvania Department of

Environmental Protection and the harm caused by this report. Moreover, Atlantic even describes the report to contain "technical data and information" that is "voluminous." *See* Reply Am. Mot. Amend Compl. 4-5, ECF No. 67. Clearly, the fraud claim introduces an entirely new and voluminous set of facts into the case over which the parties already disagree.

Accordingly, this Court denies leave to amend because amendment would cause undue prejudice to Apollo.

## V.  CONCLUSION

For the reasons discussed above, Atlantic's Amended Motion for Leave to Amend Complaint, Am. Mot. Amend Compl., ECF No. 60, and Motion to Amend Scheduling Order,[5] Mot. Amend Sched. Order, ECF No. 61, are denied. A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[5]  The Court can only amend the scheduling order under Rule 16(b) on a showing of good cause. Atlantic has not met its burden of showing that its expert could not complete his or her analysis despite diligent efforts to do so. Therefore, Atlantic has not shown good cause.